UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SANDRA BRIETZKE,<br><br>Plaintiff,<br><br>v.<br><br>CROSS COUNTRY MORTGAGE, et al.,<br><br>Defendants. | CIVIL ACTION<br>NO. 26-13592-WGY |

## ORDER

**August 11, 2026**

BURROUGHS, D.J.

Pro se plaintiff Sandra Brietzke brings this action against Cross Country Mortgage, Lakeview Loan Servicing, LLC; Flagstar Bank; Brock and Scott, PLLC; and M and T Bank.  (Dkt. #1). Brietzke has also filed motions for a temporary restraining order (Dkt. #2) and for leave to proceed in forma pauperis (Dkt. #2).   Upon reviewing these documents, the Court hereby orders:

1.   The motion for leave to proceed in forma pauperis is denied without prejudice.  Any plaintiff moving to proceed without prepayment of the filing fee must submit an affidavit that "includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor" and "state[s] the nature of the action,

defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  Here, Brietzke's motion, titled as an "affidavit of truth and facts" is not signed nor dated.  (Dkt. #2).  Moreover, she suggests that she is "not obligated to pay fees."  Id. at 1. In order to proceed in this action, Brietzke must either (1) pay the $405.00 filing and administrative fees; or (2) move for leave to proceed without prepayment of the filing fee.  Failure of plaintiff to comply with this directive within 21 days of the date of this Procedural Order will result in the dismissal of this action.

2.    The motion for a temporary restraining order is DENIED.  Brietzke seeks an order "enjoining any foreclosure sale or sheriff's sale pending and adjudication of [her] complaint." (Dkt. #3 at 1).  She alleges that on "August 3, 2026 [she was] served by constable at property a Notice to Quit."

A party seeking an ex parte temporary restraining order must allege that her injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b)(1)A).  Further, the party must certify to the Court in writing the efforts, if any, which have been made to give the defendant notice of the request for a restraining

2

order, or the reasons supporting the claim that notice should not be required.  Fed. R. Civ. P. 65(b)(1)(B).

Here, Brietzke's motion is not signed nor dated.  She has failed to provide notice to Defendants as there is no certification in writing of any effort made to provide at least informal notice and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief.  See Fed. R. Civ. P. 65(b).  Additionally, the request is not supported with a separate memorandum of reasons, see Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted.").  To the extent the motion can be considered as incorporating a memorandum of reasons, the motion fails address the applicable legal requirements.  Her failure to meet the requirements of Fed. R. Civ. P. 65(b) provides sufficient ground for denial of a temporary restraining order.

SO ORDERED.

/s/ Allison D. Burroughs
ALLISON C. BURROUGHS
UNITED STATES DISTRICT JUDGE